IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICKYE HENDERSON, | § | No. 1:26-CV-02944-DAE |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ARMBRUST & BROWN, PLLC, et al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

ORDER

Before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane on November 2, 2026. (Dkt. # 6.) Plaintiff Rickye Henderson ("Plaintiff" or "Henderson") timely objected to the report on November 4, 2026 ("Objections"). (Dkt. # 8.)

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation. (Dkt. # 6.) Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's cause of action. The Court **DENIES** Henderson's pending motions as **MOOT**. (Dkts. ## 3, 4, 12, 14, 15, 16, 22, 23, 24, 25.)

## BACKGROUND

Plaintiff sues Defendants Armbrust & Brown, PLLC, David King, and Guillermo Alarcon (collectively, "Defendants") for alleged violations of his civil rights and "extrinsic fraud." (Dkt. # 1 at 1–3.) After Plaintiff's property was destroyed by fire, he alleges that "Defendants and their co-conspirators . . . initiated an aggressive racist campaign" against him, resulting in an unfair trial and adverse judgment in state court. (Id. at 13–20.) Along with his Complaint, Plaintiff filed an application to proceed *in forma pauperis*. (Dkt. # 3.)

Judge Lane issued his Report on November 2, 2026, recommending that, pursuant to 28 U.S.C. § 1915(e), this Court dismiss Plaintiff's Complaint and application to proceed *in forma pauperis*. (Dkt. # 6.) In reaching this conclusion, Judge Lane notes that Plaintiff is subject to a limited pre-filing injunction from a related case that was based on the same facts, which requires Plaintiff to obtain written permission before filing suit on this subject matter. (Dkt. # 6 at 2.) Specifically, this Court issued an order barring Henderson from "filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to the destruction by fire of any property he owned or leased and related legal or investigative action without receiving written leave from a judge of this Court or the Fifth Circuit." (No. 1:25-cv-01179-DAE, Dkt. # 115, at 14 (Nov. 19, 2025).) As Judge Lane observes, the Fifth Circuit affirmed that decision, and Henderson

filed the instant lawsuit two weeks later, *without* obtaining permission. (See id., Dkt. # 132 (October 6, 2026); see Dkts. ## 1; 6 at 2.) Accordingly, due to Henderson's history of frivolous litigation, Judge Lane recommends that the Court issue a global pre-filing injunction prohibiting Plaintiff "from filing *any* future actions pro se and *in forma pauperis* in the Western District of Texas relating to the destruction by fire of any property he owned or leased and related legal or investigative action without receiving written leave from a judge of this Court or the Fifth Circuit." (Id. at 2–3.) Plaintiff objected to Judge Lane's Report and Recommendations on November 4, 2026. (Dkt. # 8.)

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Plaintiff brings one "Specific Objection" to "any recommendation that this action be dismissed with prejudice without granting [him] leave to amend his complaint to assert claims under federal civil rights statutes that explicitly reach purely private conduct." (Dkt. # 8 at 3.) His objection is supposedly based on Judge Lane's recommendation of dismissal "on the ground that Defendants are private actors not operating under color of state law." (Id. at 2–3.) Accordingly, Plaintiff requests leave to amend his Complaint "to clarify the proper statutory bases for federal question jurisdiction against private non-state actors who conspired with governmental agencies." (Id. at 3.)

However, Judge Lane's recommendation of dismissal was not based on a jurisdictional defect or the fact that Defendants are not state actors. (Dkt. # 6.) Rather, it was explicitly based on Plaintiff's "failure to obtain written permission before filing suit." (Id. at 4.) Beyond mischaracterizing the substance of the Report, Plaintiff does not assert specific, genuine objections but merely argues in support of his request for leave to file a Second Amended Complaint to "cure[] any

jurisdictional defect identified in the Report." (Id. at 4–6.) "Conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2)); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)). Plaintiff's objections (Dkt. # 8) are **OVERRULED** because they are directed at a legal conclusion that does not appear in the Report.

Having found that Plaintiff failed to raise a cognizable objection, the Court reviews the Report's findings for clear error. See Wilson, 864 F.2d at 1221. The Court agrees with Judge Lane's analysis and finds it is reasonable and absent of clear error. As mentioned, Judge Lane recommends dismissal because Plaintiff violated the pre-filing injunction this Court imposed on Henderson in a related case due to his continued filing of frivolous suits. (See Dkt. # 6 at 2 (citing five other cases in this Court that were brought by Plaintiff and dismissed, or recommended for dismissal, as frivolous).). The Court also agrees with Judge Lane's conclusion that a broader pre-filing injunction is appropriate here because the "limited pre-filing injunction has failed to deter Henderson's vexatious behavior" and because monetary sanctions "are not adequate alternatives considering

Henderson's lack of financial resources." (<u>Id.</u> at 2–4.) Accordingly, the Court **ADOPTS** Judge Lane's Report and Recommendation in whole as the opinion of this Court. (Dkt. # 6.)

Lastly, the Court finds that the interests of justice do not warrant leave to file a Second Amended Complaint. <u>See</u> Fed. R. Civ. P. 15. Plaintiff has already amended once as of right, and his proposed Second Amended Complaint appears to be based on the same set of facts as his other actions that courts have repeatedly dismissed as frivolous. (<u>See</u> Dkts. ## 2; 8 at 8–16.)

<u>CONCLUSION</u>

For the reasons given above, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 6), **DISMISSES** Plaintiff's claims **WITH PRJEUDICE** under § 1915(e)(2), and **DENIES** all pending motions as **MOOT** (Dkts. ## 3, 4, 12, 14, 15, 16, 22, 23, 24, 25). It is **FURTHER ORDERED** that Plaintiff Rickye Henderson is **BARRED** from filing any future actions *pro se* and *in forma pauperis* in the Western District of Texas without receiving written leave from a District Judge of this Court or a Judge of the Fifth Circuit. The Clerk of the Court is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, November 25, 2026.

_______________________________
David Alan Ezra
Senior United States District Judge